UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/17/2024
```

MICHAEL SAUNDERS,

                              Petitioner,

       -against-

JAMIE LaMANNA, Superintendent
Green Haven Correctional Facility,

                              Respondent.

No. 18-CV-12406 (NSR)(JCM)

**OPINION & ORDER**

NELSON S. ROMÁN. United States District Judge

Michael Saunders ("Petitioner"), currently incarcerated at New York State Corrections and Community Supervision, Green Haven Correctional Facility, filed the instant petition pursuant to 28 U.S.C. § 2254, for writ of habeas corpus, challenging his conviction and detention. (ECF No. 1.) Respondent opposed the petition. (ECF Nos. 8, 9.) Petitioner filed a reply soon thereafter. (ECF No. 11.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), this matter referred to Magistrate Judge Judith McCarthy ("MJ McCarthy") to issue a report and recommendation ("R&R"). On February 8, 2024, MJ McCarthy issued an R&R recommending that the Court deny the petition. (ECF No. 15.) To date, neither party has filed an objection to the R&R.  For the following reasons, the Court adopts MJ McCarthy's R&R in its entirety and the petition is deemed DISMISSED.

## FACTUAL BACKGROUND

The following facts are taken from the petition, court filings, and the motion papers.

Petitioner was convicted on July 9, 2013, following a jury trial in Westchester County Supreme Court, of murder in the second degree, criminal possession of a weapon in the second degree, assault in the second degree, and reckless endangerment in the first degree. Petitioner's convictions arose as a result of his actions on March 21, 2012. On March 21, 2012, Petitioner was captured on video surveillance tape outside of the victim's home, 312 Main Street, Apt. 3H, White Plains, N.Y.

He was observed speaking on a cell phone, wearing a hooded sweatshirt, big bulky winter gloves and an old fashion white hockey mask that peeked out from under his hood. Purportedly, March 21, 2012 was a relatively warm day. While standing outside of the location, Petitioner was observed talking on his cell phone, ended his conversation, and then entered the building by using the buzzer system. Sometime thereafter, neighbors heard multiple gunshots and a baby crying. Approximately twenty-five minutes after entering the building, video surveillance cameras captured the Petitioner coming out of the stairwell, moving briskly through the lobby and exiting the building. Petitioner was wearing the same clothing except that the mask was now over his face.

After not hearing from the victim for several days, on March 24, 2012, three days after the gunfire was heard by the neighbors, several family members went to her home to check on her. Inside the apartment they found the victim's lifeless body, with apparent bullet wounds, on the ground lying in a pool of dry blood. A four-month-old baby was also found on the ground near the victim suffering from dehydration. There was no sign of forced entry into the apartment. Petitioner was formerly in a relationship with the victim and the biological father of the four-month-old baby. Court papers also found in the apartment indicated the victim had filed a paternity petition in Family Court against the Petitioner. Although no firearm was recovered, following the execution of a warrant, the police recovered gun powder residue in Petitioner's home and vehicle which could only have come from a firearm.

## PROCEDURAL HISTORY

Petitioner was convicted following a jury trial on July 9, 2013. Following his conviction and sentence, Petitioner appealed his conviction to New York State's intermediate appellate court. By Opinion and Order, dated May 17, 2017, the New York State Supreme Court, Appellate Division, Second Department, affirmed Petitioner's conviction. *People v. Saunders*, 150 A.D.3d 1031 (2017). On appeal, Petitioner challenged the sufficiency of the evidence, as well as evidentiary rulings by the

trial court. *Id.* On June 15, 2017, Petitioner sought leave to appeal to the New York Court of Appeals, the state's highest court. On September 20, 2017, the Court of Appeals denied Petitioner's application. *People v. Saunders*, 30 N.Y.3d 953 (2017).

On June 6, 2018, Petitioner filed a writ of coram nobis before the New York State Supreme Court, Appellate Division, Second Department, alleging he was denied effective assistance of counsel. On October 3, 2018, the appellate court denied the petition upon a finding that Petitioner had failed to establish that he was denied effective assistance of counsel. *People v. Saunders*, 165 A.D.3d 705, 82 N.Y.S.3d 737 (2018). Thereafter, Petitioner sought leave to appeal to the New York State Court of Appeals. On December 11, 2018, the Court of Appeals denied his request. *People v. Saunders*, 32 N.Y.3d 1128 (2018).

In his current petition, Petitioner raises claims similar to those raised on appeal in state court, namely the legal sufficiency of the evidence proffered at trial, ineffective assistance of counsel at the trial and appellate level, and the trial court's evidentiary ruling regarding the inadmissibility of telephone call purportedly made by a police sergeant while at the crime scene. All of these claims were considered at the state court level and deemed meritless.

## LEGAL STANDARD

### Report & Recommendation

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)).

To the extent a party makes specific objections to an R&R, those objections must be reviewed de novo. 28 U.S.C. 636(b)(l); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a de novo review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent a party "makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

### Writ of Habeas Corpus

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996" ("AEDPA"). *Harrington v. Richter*, 562 U.S. 86, 97 (2011). 28 U.S.C. § 2254 provides in relevant part:

4

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Habeas review is an extraordinary remedy" and is not a substitute for an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)). When a federal court reaches the merits of a habeas petition, AEDPA prescribes a "highly deferential" standard for reviewing state court rulings. *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015).

"Before a federal district court may review the merits of a state criminal judgment in a habeas corpus action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254." *Visich v. Walsh*, No. 10 Civ. 4160 (ER)(PED), 2013 WL 3388953, at *9 (S.D.N.Y. July 3, 2013). Such procedural requirement includes the exhaustion of claims in state court. 28 U.S.C. § 2254(b)(1)(A). An "adjudicated on the merits" has been interpreted to mean that a state court has made a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other grounds. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (internal citations omitted). A federal petition which challenges a state conviction based upon a court decision which rests upon a "state-law ground," independent of the federal question and adequate to support the judgment, is not subject to federal review. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

**DISCUSSION**

As previously mentioned, neither Plaintiff nor Defendant filed objections to the R&R. Thus, the Court reviews the R&R for clear error.

The Court finds no clear error on the face of the R&R and adopts MJ McCarthy's R&R in its entirety. As more clearly discussed in MJ McCarthy's R&R, Petitioner's weight of the evidence claim is not a cognizable claim for habeas relief. *See* 28 U.S.C. § 2254(a). To the extent Petitioner raised a claim sounding in legal sufficiency, such a claim is a recognizable federal constitutional claim subject to habeas review.  *See McCall v. Rivera*, 965 F. Supp. 2d 311, 332 (S.D.N.Y. 2013). Petitioner's main contention suggests that the government relied primarily on circumstantial evidence. MJ McCarthy determined that Petitioner's claim was meritless. "[T]he law draws no distinction between direct and circumstantial evidence in requiring the government to carry its burden of proof." *United States v. MacPherson*, 424 F.3d 183, 190 (2d Cir. 2005). After viewing the evidence adduced at the trial in the light most favorable to the prosecution, any rational trier of fact could have found evidentiary support for each of the essential elements of the crimes charged beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Petitioner also challenged the trial court's evidentiary ruling which precluded a Sergeant's telephone phone conversation which took place soon after arriving at the victim's home, the crime scene. The record reveals that the evidence was precluded pursuant to the court's understanding of the hearsay rule. In essence, the trial court decided the issue based on a state ground, not a federal rule or principle. Generally, it is not the province of federal habeas court to re-examine state court determination on state law questions. *Estelle v. McGuire*, 502 U.S. 62 (1991). Similarly, a federal court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the

judgment. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Accordingly, the claim lacks merit and is not subject to review.

Petitioner's last two remaining contentions similarly lack merit. Petitioner contends that he was denied the opportunity to present a third-party defense, namely that the crime was committed by other individuals. It is well settled that a criminal defendant is entitled by the U.S. Constitution to a meaningful opportunity to present a complete defense. *Wade v. Mantello*, 333 F.3d 51, 57 (2d Cir. 2003) (internal citations omitted). That constitutional right, however, is not unlimited and is subject to "reasonable restrictions." *United States v. Scheffer*, 523 U.S. 303, 308 (1998). The right to introduce evidence of third-party culpability is similarly subject to reasonable restriction. *Wade v. Mantello*, 333 F.3d at 57. As determined by MJ McCarthy, the state courts' exclusion of the proposed evidence was not contrary to, or an unreasonable application, of clearly established federal law.

Petitioner's ineffective assistance of counsel claims are without merit. As detailed in the R&R, Petitioner asserted multiple claims of ineffective assistance of counsel at the trial and appellate court levels. To succeed on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must demonstrate that there is a "reasonable probability," which is a probability sufficient to undermine confidence in the outcome, that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). When undertaking such an analysis, the court entertaining the claim must consider the totality of the evidence before the fact finder. *Id.* at 695. As found by MJ McCarthy and delineated in the R&R, Petitioner failed to demonstrate that there is a "reasonable probability," that but for counsel's alleged unprofessional errors, the result of the proceeding(s) would have been different.

**CONCLUSION**

For the reasons stated above, this Court adopts MJ McCarthy's R&R in its entirety. The petition is deemed DISMISSED. The Clerk of the Court is respectfully directed to terminate the proceeding (action).

The Clerk of the Court is further directed to mail a copy of this Opinion & Order to *pro se* Plaintiff at the addressed listed on ECF and to show service on the docket.

Dated: April 17, 2024                                    SO ORDERED:
      White Plains, New York

                                                             _____
                                                           NELSON S. ROMÁN
                                                           United States District Judge, S.D.N.Y.